[Cite as *State v. King*, 2011-Ohio-3323.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10-CA-102 |
| BRIAN KING | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Licking County Court of
                                 Common Pleas Case No. 09-CR-592

JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          June 30, 2011

APPEARANCES:

For Plaintiff-Appellee:                  For Defendant-Appellant:

EARL  L. FROST 0069328                   DAVID A. BARTH 0039966
Licking County Prosecutor's Office       33 South Park Place, Ste. 201
20 S. Second St., 4th Fl.                Newark, Ohio 43055
Newark, Ohio 43055

*Delaney, J.*

{¶1}   Defendant-Appellant, Brian King, appeals the judgment of the Licking County Court of Common Pleas, convicting him of one count of trafficking in crack cocaine, one count of possession of crack cocaine, one count of possession of drug paraphernalia, and one forfeiture specification.  The State of Ohio is Plaintiff-Appellee.

{¶2}   On November 13, 2009, Appellant traveled from Licking County, Ohio, to Columbus, Ohio, to purchase crack cocaine.  He traveled with Stacey Ellis, whose home he was living in, and Brittani Hill, another resident of Ms. Ellis' residence.  Appellant was selling drugs out of Ms. Ellis' home at that time.

{¶3}   Appellant instructed Ms. Ellis, who was driving him to Columbus, where to go to make the purchase.  Appellant exited the car at the location and got into another car with an unknown man.  When Appellant got back into the car with Ms. Ellis and Ms. Hill, he placed a large rock of crack cocaine on the center console.  According to Ms. Ellis, Appellant had brought approximately six-hundred dollars to purchase the crack.

{¶4}   A confidential informant purchased crack cocaine from Appellant on November 13, 2009.  Afterwards, a search warrant was executed at the home of Stacey Ellis.  Appellant was found inside the home in the entryway to the laundry room.  Two bags of crack cocaine were found inside the laundry room.

{¶5}   Appellant was arrested and subsequently interviewed.  He admitted that he had gone to Columbus and purchased over ten grams of crack cocaine and then returned to the home of Stacey Ellis.

{¶6}   Appellant was indicted on November 20, 2009, on one count of trafficking in crack cocaine, in violation of R.C. 2925.03(A)(1)(C)(4)(c), a felony of the third degree,

one count of possession of crack cocaine, in violation of R.C. 2925.11(A)(C)(4)(d), a felony of the second degree, one count of possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree, and a forfeiture specification, in violation of R.C. 2981.02(A)(3)(a) and 2941.1417. The trafficking count was later amended to reflect a felony of the fourth degree.

{¶7} On July 19, 2010, Appellant exercised his right to a bench trial and was found guilty of all counts. He was sentenced to four years in prison and the forfeiture specification was granted.

{¶8} Appellant appeals from the judgment of the trial court and raises two Assignments of Error:

{¶9} "I. THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL RIGHTS TO DUE PROCESS AND O.R.C. 2925.21(E) BY FAILING TO ALLOW THE APPELLANT TO HAVE THE DRUGS REANALYZED AND RE-WEIGHED BY AN INDEPENDENT LABORATORY ANALYST AS AUTHORIZED BY O.R.C. 2925.51(E).

{¶10} "II. THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL RIGHTS TO DUE PROCESS AS WELL AS BEING DENIED A FAIR AND IMPARTIAL TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION BY USING EVIDENCE INSUFFICIENT AS A MATTER OF LAW TO SUPPORT THE CONVICTION, IN ESSENCE THE PROSECUTION DID NOT PROVE THE NECESSARY ELEMENTS TO SHOW

CONSTRUCTIVE POSSESSION.    THE GUILTY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

{¶11}  In his first assignment of error, Appellant argues that the trial court violated his due process rights by failing to allow him to have an independent analyst retest and reweigh the crack cocaine confiscated during a search warrant at the residence.

{¶12}  Appellant failed to properly preserve this issue for appeal at the trial court level, and accordingly, we review his claim under a plain error standard of review. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The rule places several limitations on a reviewing court's determination to correct an error despite the absence of a timely objection at trial: (1) "there must be an error, i.e., a deviation from a legal rule," (2) "the error must be plain," that is, an error that constitutes "an 'obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights" such that " the trial court's error must have affected the outcome of the trial." *State v. Morales*, 10th Dist. Nos. 03-AP-318, 03-AP-319, 2004-Ohio-3391, at ¶ 19, quoting *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240; *State v. Gross*, 97 Ohio St.3d 121, 776 N.E.2d 1061, 2002-Ohio-5524, ¶ 45. The decision to correct a plain error is discretionary and should be made "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Barnes*, supra, quoting *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus.

{¶13}  R.C. 2925.51 provides as follows:

{¶14}  "(E) Any person who is accused of a violation of this chapter or of Chapter 3719. of the Revised Code is entitled, upon written request made to the prosecuting attorney, to have a portion of the substance that is, or of each of the substances that are, the basis of the alleged violation preserved for the benefit of independent analysis performed by a laboratory analyst employed by the accused person, or, if the accused is indigent, by a qualified laboratory analyst appointed by the court. Such portion shall be a representative sample of the entire substance that is, or of each of the substances that are, the basis of the alleged violation and shall be of sufficient size, in the opinion of the court, to permit the accused's analyst to make a thorough scientific analysis concerning the identity of the substance or substances. The prosecuting attorney shall provide the accused's analyst with the sample portion at least fourteen days prior to trial, unless the trial is to be held in a court not of record or unless the accused person is charged with a minor misdemeanor, in which case the prosecuting attorney shall provide the accused's analyst with the sample portion at least three days prior to trial. If the prosecuting attorney determines that such a sample portion cannot be preserved and given to the accused's analyst, the prosecuting attorney shall so inform the accused person or his attorney. In such a circumstance, the accused person is entitled, upon written request made to the prosecuting attorney, to have the accused's privately employed or court appointed analyst present at an analysis of the substance that is, or the substances that are, the basis of the alleged violation, and, upon further written request, to receive copies of all recorded scientific data that result from the analysis and

that can be used by an analyst in arriving at conclusions, findings, or opinions concerning the identity of the substance or substances subject to the analysis.

{¶15} "(F) In addition to the rights provided under division (E) of this section, any person who is accused of a violation of this chapter or of Chapter 3719. of the Revised Code that involves a bulk amount of a controlled substance, or any multiple thereof, or who is accused of a violation of section 2925.11 of the Revised Code, other than a minor misdemeanor violation, that involves marihuana, is entitled, upon written request made to the prosecuting attorney, to have a laboratory analyst of the accused's choice, or, if the accused is indigent, a qualified laboratory analyst appointed by the court present at a measurement or weighing of the substance that is the basis of the alleged violation. Also, the accused person is entitled, upon further written request, to receive copies of all recorded scientific data that result from the measurement or weighing and that can be used by an analyst in arriving at conclusions, findings, or opinions concerning the weight, volume, or number of unit doses of the substance subject to the measurement or weighing."

{¶16} Appellant filed a "Motion To Reweigh Evidence" and requested that the court issue an order to have the evidence reweighed because the amount determined by the lab "is crucially close to the needed amounts for the felony levels charged."

{¶17} The trial court granted the motion and ordered that the evidence be reweighed by a different technician. On May 21, 2010, the evidence was reweighed and Appellant's attorney was present at the reweighing. All samples were examined and the changes in weight were found to be within acceptable limits based upon loss due to testing. No objection was made to this retesting or reweighing at trial.

{¶18} As noted above, R.C. 2925.51 allows a defendant to petition the prosecutor's office to have a portion of the substance retested by an independent analyst, or if the accused is indigent, by a court appointed qualified laboratory analyst. Appellant's "Motion to Reweigh Evidence" does not request an independent analysis of the drugs, but only to have the drugs reweighed by a "different" technician.

{¶19} Where a defendant fails to properly invoke the protections of R.C. 2925.51(E), he has waived those protections. *State v. Imani*, 5th Dist. No. 2008 AP 06 0043, 2009-Ohio-5717, ¶¶ 25-29. Appellant failed to request an independent analysis, and therefore we find no due process violation on the basis that the prosecutor failed to provide him with a sample of the drugs for retesting.

{¶20} Regarding Appellant's argument that the trial court erred in failing to allow Appellant to have an independent analyst reweigh the drugs pursuant to R.C. 2925.51(F), we find no violation of Appellant's rights. The State had the drugs reweighed by a different analyst, Appellant's trial counsel was present, and Appellant failed to have an independent analyst present at the reweighing. Moreover, as Appellant was indigent pursuant to court records, he failed to petition the court to appoint an independent analyst to be present on his behalf. Accordingly, Appellant failed to properly invoke this provision as well.

{¶21} Finally, we would note that Appellant has failed to demonstrate that "but for" the reweighing of the drugs by an independent analyst, the outcome of the trial would be different. Accordingly, he has presented no evidence of prejudice.

{¶22} Appellant's first assignment of error is overruled.

II.

{¶23} In his second assignment of error, Appellant argues that his conviction for possession of crack cocaine is against the manifest weight of the evidence. We disagree.

{¶24} When considering whether a judgment is against the manifest weight of the evidence in a bench trial, an appellate court will not reverse a conviction where the trial court could reasonably conclude from substantial evidence that the state has proven the offense beyond a reasonable doubt. *State v. Murray*, 12thDist. No. CA2009–03–015, 2009–Ohio–6174, ¶ 18, quoting *State v. Eckert*, 12th Dist. No. CA2008–10–099, 2009–Ohio–3312, ¶ 16; *State v. Eskridge* (1988), 38 Ohio St.3d 56, 59, 526 N.E.2d 304. In conducting its review, an appellate court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the trial court "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541. However, while appellate review includes the responsibility to consider the credibility of witnesses and weight to be given the evidence, these issues are primarily matters for the trier of fact to decide. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. In a bench trial, the trial court acts as the fact-finder. *State v. Kersey*, 12th Dist. No. CA2008–02–031, 2008–Ohio–6890, ¶ 10.

{¶25} In reviewing the evidence, we must determine whether the State presented evidence of Appellant's possession of crack cocaine charge. Appellant

asserts that the State failed to provide sufficient evidence of constructive possession of crack cocaine.

{¶26} "[I]n a bench trial, a trial court is presumed to have considered only the relevant, material and competent evidence." *State v. Addison*, 10th Dist. No. 03AP-1102, 2004-Ohio-5154, at ¶ 10, citing *State v. Bays* (1999), 87 Ohio St.3d 15, 28, 716 N.E.2d 1126. Thus, we must presume that, even if testimony was erroneously admitted into evidence, the trial court did not consider it in rendering its verdict.

{¶27} The State may show constructive possession of drugs by circumstantial evidence alone. *State v. Trembly* (2000), 137 Ohio App.3d 134, 141, 738 N.E.2d 93. Absent a defendant's admission, the surrounding facts and circumstances, including the defendant's actions, are evidence that the trier of fact can consider in determining whether the defendant had constructive possession over the subject drugs. *State v. Norman*, 10th Dist. No. 03AP–298, 2003–Ohio–7038, ¶ 31; *State v. Baker*, 10th Dist. No. 02AP–627, 2003–Ohio–633, ¶ 23. Inherent in a finding of constructive possession is the determination that the defendant had knowledge of the drugs. *State v. Alexander*, 8th Dist. No. 90509, 2009–Ohio–597, ¶ 24.

{¶28} A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist. R.C. 2901.22(B). Whether a person acted knowingly generally must be determined from all the surrounding facts and circumstances. See *State v. Huff* (2001), 145 Ohio App.3d 555, 763 N.E.2d 695.

{¶29} In the case at bar, ample evidence was presented to establish that Appellant was knowingly in constructive possession of the crack cocaine found in the home.

{¶30} Appellant was found in the doorway to the laundry room, where the crack cocaine was located during the search of Ms. Ellis' home. Ms. Ellis testified that Appellant lived in the home and sold drugs out of her home. Appellant admitted that he had gone to Columbus that day and had purchased 10 grams of crack cocaine. He then sold crack cocaine to a confidential informant on November 13, 2009, prior to the execution of the search warrant.

{¶31} Though Appellant did not have the crack cocaine in his hands, there is sufficient evidence presented to support the trial court's finding of guilt for the possession of crack cocaine charge.

{¶32} Appellant's second assignment of error is overruled.

{¶33} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.

Wise, P.J. and

Edwards, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS

[Cite as *State v. King*, 2011-Ohio-3323.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRIAN KING | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10-CA-102 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON JOHN W. WISE

_____
HON. JULIE A. EDWARDS