[Cite as *State v. Ward*, 2022-Ohio-3884.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | JUDGES: | |
| | : | Hon. W. Scott Gwin, P.J. | |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. | |
| | : | Hon. Craig R. Baldwin, J. | |
| -vs- | : | | |
| | : | | |
| KATHERINE ANN WARD, | : | Case No. 2022CA00027 | |
| | : | | |
| Defendant - Appellant | : | O P I N I O N | |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2021-CR-2245

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      October 31, 2022

APPEARANCES:

For Plaintiff-Appellee

KYLE L. STONE
Prosecuting Attorney
Stark County, Ohio

By: TIMOTHY E. YAHNER
Assistant Prosecuting Attorney
Appellate Division
110 Central Plaza South Ste. 510
Canton, Ohio 44702-1413

For Defendant-Appellant

D. COLEMAN BOND
116 Cleveland Avenue N.W.
Suite 600
Canton, Ohio 44702

*Baldwin, J.*

{¶1} Appellant, Katherine Ann Ward, appeals her conviction of a violation of R.C. 2925.11(A),(C)(1)(a), aggravated possession of drugs (methamphetamine), a felony of the fifth degree. The State of Ohio is appellee.

## STATEMENT OF THE FACTS AND THE CASE

{¶2} Canton police officers discovered methamphetamine and fentanyl in vehicles owned by Ward and she conceded that she was the owner of the drugs. She later recanted her confession regarding the fentanyl and now claims her conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶3} Canton police officers were dispatched to a disturbance call on October 6, 2021 at approximately 7:50 p.m. When they first arrived they did not find anyone in the area and left, but after a second call they returned and found the appellant and another individual. When the police cruiser arrived at the scene the other person, later identified as Richard Tovissi, started walking away from the cruiser and Ward started walking toward the cruiser.

{¶4} The officers spoke to both of the individuals at the scene. Ward claimed the two vehicles present at the scene belong to her. The officer asked Ward for permission to search the vehicles and ask if there were any guns inside them. Ward responded that there were no guns in the vehicles and she granted consent to the search.

{¶5} During the search of one vehicle the officer discovered a bag of suspected methamphetamine in the vehicle. At that point both Ward and Tovissi were detained and read their Miranda rights. Ward volunteered that the drugs belonged to her. At that point

she was asked to work with the police department as a confidential informant in exchange for withholding charges, but she declined to take advantage of this opportunity.

{¶6} The testimony at trial indicated that Tovissi had walked toward one of the vehicles and reached inside. He denied putting any drugs in the vehicle and stated that he was merely leaving the keys on the hood of the vehicle. The videos did not show that there were any keys on the car. Tovissi was sweating profusely, argumentative and his pupils were dilated, signs that the officers recognized as evidence of methamphetamine use. The officers suspected that Tovissi planted some or all of the drugs until Ward confessed to ownership.

{¶7} The officers described Ward as nervous and she admitted to using methamphetamine. She was not sweating or combative but she did act in a way that led one of the officers to believe that she had also been using methamphetamine. She inappropriately laughed and joked when she claimed ownership of the methamphetamine and her demeanor and emotional swings suggested to the officer that she was under the influence of methamphetamine.

{¶8} After placing Ward in the back of the cruiser, the officers searched the second vehicle and found a small box on the driver's side containing fentanyl, THC wax, pipes and scales. An officer asked Ward if she owned the box or "bindle" and she initially claimed it. After the contents of the box was disclosed, Ward claimed that she did not own the fentanyl that was in that container. Though she denied ownership of the fentanyl and other contents of the box, she did not retract her admission that she owned the methamphetamine.

**{¶9}** The jury found Ward guilty of aggravated possession of drugs, methamphetamine, a violation of R.C. 2925.11(A)/(C),(1)(a), and a felony of the fifth degree, but not guilty of possession of a fentanyl-related compound. She was sentenced to three years of community control.

**{¶10}** Ward filed a timely appeal and submitted two assignments of error:

**{¶11}** "I. APPELLANT ASSERTS STATE(sic) FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST HER, AND THE CONVICTION MUST BE REVERSED."

**{¶12}** "II. APPELLANT ASSERTS HER CONVICTION WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED, AND MUST BE REVERSED."

## STANDARD OF REVIEW

**{¶13}** Ward contends that her conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. Sufficiency of the evidence and manifest weight of the evidence are separate and distinct legal standards. *State v. Thompkins,* 78 Ohio St.3d 380, 386–87, 678 N.E.2d 541 (1997). Essentially, sufficiency is a test of adequacy. *Id.* A sufficiency of the evidence standard requires the appellate court to examine the evidence admitted at trial, in the light most favorable to the prosecution, to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, 494, syllabus, paragraph 2*.*

**{¶14}** In contrast to the sufficiency of the evidence analysis, when reviewing a weight of the evidence argument, the appellate court reviews the entire record, weighing

the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts of evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins* at 387.

## ANALYSIS

**{¶15}** Ward was convicted of a violation of R.C. 2925.11(A)/(C)(1)(a) which states:

No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

* *

(C) Whoever violates division (A) of this section is guilty of one of the following:

(1)     If the drug involved in the violation is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, any fentanyl-related compound, hashish, and any controlled substance analog, whoever violates division (A) of this section is guilty of aggravated possession of drugs. The penalty for the offense shall be determined as follows:

(a)     Except as otherwise provided in division (C)(1)(b), (c), (d), or (e) of this section, aggravated possession of drugs is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

**{¶16}** Ward does not dispute that possession of the substance found in her vehicle, methamphetamine, is prohibited by the statute, nor does she dispute the state's

conclusion that the substance was methamphetamine. She contends the record lacks sufficient evidence to establish that she possessed the methamphetamine.

{¶17} " "Possess" or "possession" means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Possession may be actual or constructive. *State v. Butler* (1989), 42 Ohio St.3d 174, 176, 538 N.E.2d 98. Constructive possession occurs when a person knowingly exercises dominion or control over the item, even without physical possession. *State v. Hankerson* (1982), 70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus. More than just a person's presence in the vicinity of the item is necessary to prove constructive possession. See *State v. Haynes* (1971), 25 Ohio St.2d 264, 267 N.E.2d 787, paragraph two of syllabus. Rather, additional circumstances, such as the close proximity of the item and its ready availability, support the conclusion of constructive possession. *State v. Riley,* 9th Dist. No. 20618, 2001-Ohio-1785. A defendant's "possession of the keys to the automobile is a strong indication of control over the automobile and all things found in or upon the automobile." Furthermore, when "one is found to be the driver of a car in which drugs are within easy access of the driver, constructive possession will be established." *State v. Miller* (July 27, 1999), 4th Dist. No. 98-CA-2467, quoting *State v. Kurtz (*Oct. 27, 1998), 10th Dist. No. 98AP-210.

{¶18} Likewise, a jury can properly conclude that a defendant who exercises dominion and control over an automobile also exercises dominion and control over illegal drugs found in the automobile. *State v. Smith,* 162 Ohio App.3d 208, 2005-Ohio-3579, at ¶ 23-28; *State v. Trembly (*2000), 137 Ohio App.3d 134, 141.

**{¶19}** The officers arrived at the scene of the reported disturbance and found Ward and Tovissi, both exhibiting what they perceived as signs of methamphetamine use. Ward claimed ownership and control of the two vehicles found at the scene, was apparently homeless and living in the vehicles, and consented to the search that resulted in the discovery of the methamphetamine. She repeatedly claimed the methamphetamine and admitted that she used methamphetamine. We find that this evidence, if believed, would convince the average mind that Ward possessed the methamphetamine beyond a reasonable doubt.

**{¶20}** We find that there was sufficient evidence to support the conviction of Ward for possession of methamphetamine. Further, after a careful review of the record and the arguments, we find that the jury did not lose its way or create a manifest miscarriage of justice. Ward repeatedly admitted ownership and possession of the methamphetamine and the jury accepted her initial confession as the more credible. We find no reason to question the holding of the jury.

**{¶21}** Ward's first and second assignments of error are denied.

**{¶22}** The judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.