[Cite as *State v. Staats*, 2025-Ohio-2823.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2024CA00169 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Stark County Court of Common Pleas, Case No. 2024-CR-1214A |
| VERONICA LYNN STAATS, | |
| Defendant – Appellant | Judgment:   Affirmed |
| | Date of Judgment Entry: August 8, 2025 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** VICKI L. DESANTIS, Assistant Prosecuting Attorney, for Plaintiff-Appellee; AARON KOVALCHIK, for Defendant-Appellant.

OPINION

*Baldwin, P.J.*

{¶1}    The appellant, Veronica Lynn Staats, appeals her conviction and sentence for Aggravated Possession of Drugs and Failure to Comply with an Order or Signal of a Police Officer in the Court of Common Pleas of Stark County, Ohio. The appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2}    On July 3, 2024, the Stark County Grand Jury indicted the appellant for Aggravated Possession of Drugs, in violation of R.C. 2925.11(A), and Failure to Comply with an Order or Signal of a Police Officer, in violation of R.C. 2921.331(B).

**{¶3}** On July 12, 2024, the appellant entered a plea of not guilty.

**{¶4}** On September 16, 2024, the matter proceeded to a jury trial.

**{¶5}** At trial, Officer Hunter Anthony of the Massillon Police Department testified that, while driving in Massillon, the appellant made eye contact with him, appeared nervous, and eyed each police officer who was with Officer Anthony. He observed the appellant fail to use a turn signal while making a turn. Officer Anthony activated his overhead lights to initiate a traffic stop. The appellant did not stop. Eventually, Officer Anthony activated his sirens, which the appellant continued to ignore. Officer Anthony checked the registration on the vehicle. The registration check revealed that the vehicle was registered to the appellant, who had a suspended license and outstanding warrants.

**{¶6}** During the pursuit, the appellant slowed down to let a passenger exit the vehicle and then continued to flee. Officer Anthony's dashboard camera captured the events. Officer Anthony stayed with the passenger, who was found in possession of narcotics both on his person and in his backpack. Officer Anthony identified the appellant as the driver.

**{¶7}** Next, Officer Zachary Chambliss, also of the Massillon Police Department, testified that he responded to Officer Anthony's call for assistance. Officers broke off the pursuit of the appellant due to concerns over public safety. They later located the vehicle and began to establish a two-block perimeter. Officer Chambliss located the appellant, identified her, and placed her in cuffs.

**{¶8}** Officer Kathryn Smart of the Massillon Police Department testified that she responded to a call regarding the pursuit. After police placed the appellant under arrest, Officer Smart searched the appellant's person and her backpack. Inside her backpack,

the officers discovered a pipe with white residue used to inhale illegal substances, a teaspoon with white residue, and an unlabeled pill bottle containing marijuana.

{¶9}   Next, Detective Aaron Franklin of the Massillon Police Department testified that he responded to a call about the pursuit and joined. He activated his lights and sirens, but the appellant continued at a high rate of speed, running at least one stop sign. The detective terminated his pursuit due to concerns for public safety.

{¶10}  Detective Matthew Kruger, also of the Massillon Police Department, was not involved in the pursuit of the appellant. He arrived on the scene after the vehicle had been located. He searched the appellant's vehicle and found about one ounce of methamphetamine, a digital scale, and several plastic baggies in a black magnetic box under the passenger seat, accessible from the driver's seat. The appellant told Detective Kruger that the amount of methamphetamine recovered from the vehicle would keep her high for a couple of weeks and that methamphetamine was her current drug of choice.

{¶11}  Finally, Alexis Kimble of the Canton-Stark County Crime Lab testified that the substance recovered from the appellant's vehicle was over twenty-two grams of methamphetamine, more than seven times the bulk amount.

{¶12}  The State rested its case.

{¶13}  The appellant presented no evidence.

{¶14}  The jury returned a verdict of guilty on the charges of Aggravated Possession of Drugs, in violation of R.C. 2925.11(A) and Failure to Comply with an Order or Signal of a Police Officer, in violation of R.C. 2921.331(B).

{¶15}  The appellant filed a timely notice of appeal and raised the following assignment of error:

**{¶16}** "I. APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

## STANDARD OF REVIEW

**{¶17}** The appellant challenges her convictions as against the manifest weight of the evidence.

**{¶18}** Manifest weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St. 3d 380 (1997). The Court stated:

> Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*" (Emphasis added.) Black's, *supra*, at 1594.

Id. at 387.

**{¶19}** The Court stated further:

> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the fact finder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court,

reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

*Id*.

"* * *[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review Section 60, at 191-192 (1978).

## ANALYSIS

{¶20} R.C. 2925.11(A) states,

"No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."

**{¶21}** "Possession" means "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). "Possession may be actual or constructive." *State v. Ward*, 2022-Ohio-3884, ¶17 (5th Dist.). Constructive possession may be proven solely by circumstantial evidence. *State v. Myles*, 2020-Ohio-3323, ¶31 (3rd Dist.). The prosecution may demonstrate constructive possession by showing that the person had knowledge of the object which she is alleged to have possessed. *State v. McDermott*, 2002-Ohio-6982, ¶22 (5th Dist.). An individual's knowledge of contraband may be inferred from her deceptive behaviors in her interaction with the police. *State v. Davis*, 2022-Ohio-577, ¶27 (5th Dist.). Attendant facts and circumstances are evidence of whether a defendant had constructive possession of an object. *State v. King*, 2011-Ohio-3323, ¶27 (5th Dist.).

**{¶22}** R.C. 2921.331 states, in pertinent part:

> (B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop

> * *

> (C)(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt.

> * *

> (ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

**{¶23}** In the case sub judice, the State presented evidence that the appellant ignored officers' signals to pull over, ran at least one stop sign, and traveled at a high rate of speed through Massillon at four o'clock in the afternoon. Officer Smart testified she was driving sixty miles per hour in pursuit of the appellant in excess of the posted twenty-five-mile-per-hour speed limit before terminating her pursuit. Law enforcement had to end their pursuit of the appellant due to concerns for public safety.

**{¶24}** The appellant was identified as driving the vehicle. During the pursuit, she slowed to let her passenger flee on foot. Officers found over twenty-two grams of methamphetamine in a small container under the passenger seat, readily accessible from the driver's seat. The appellant was observed making furtive movements when she realized police were watching her. Additionally, officers found a meth pipe and a teaspoon in the backpack the appellant carried. Both had a white residue on them. During an interview with police, the appellant admitted that the meth pipe belonged to her and that methamphetamine was her current drug of choice. She stated that the amount of methamphetamine found in the vehicle would keep her high for a couple of weeks.

**{¶25}** Our review of the record fails to persuade us that the jury lost its way and created a manifest miscarriage of justice. The appellant was not convicted against the manifest weight of the evidence.

**{¶26}** Accordingly, the appellant's sole assignment of error is overruled.

## CONCLUSION

{¶27} Based upon the foregoing, the decision of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.

{¶28} Costs to Appellant.

By: Baldwin, P.J.

King, J. and

Montgomery, J. concur.